**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMMIE CROOK,

                Plaintiff,             Case Number: 2:25-CV-14210

v.                             HON. BRANDY R. MCMILLION
                                 UNITED STATES DISTRICT JUDGE

JOHN DOE, *et al.*,

                Defendants.

_____,

## **OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff Jammie Crook ("Plaintiff") is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan.  On December 31, 2025, the United States District Court for the Western District of Michigan transferred the case to this Court because the events underlying the complaint arose in Wayne County and the defendants are located in Wayne County.  ECF No. 2.

Plaintiff sought to proceed without prepayment of the filing fee.  Under 28 U.S.C. § 1915(a)(2), a prisoner seeking leave to proceed *in forma pauperis* must submit an authorization to withdraw funds and a certified copy of the prisoner's trust fund account statement for the six-month period immediately preceding the filing of the complaint.  Because Plaintiff did not submit the required documents, the Court

ordered him to do so within thirty days and cautioned that failure to comply would result in dismissal of the case without prejudice.  ECF No. 6.

In response to the deficiency order, Plaintiff filed an application to proceed without prepaying fees and costs and a daily transaction summary for the month of December 2025.  ECF No. 8.  He did not submit the required trust fund account statement.  Instead, he filed a daily transaction summary for December 2025, which does not satisfy the statutory requirement because it is not certified and provides information for one month, rather than six.  *Id.* at PageID.11.  Plaintiff therefore has failed to correct the deficiency.

Federal Rule of Civil Procedure 41(b) gives the district court power to dismiss a complaint where "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order."  Fed. R. Civ. P. 41(b).  This rule provides the Court a tool to effectively manage its docket.  *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (citation omitted).  Plaintiff did not comply with the deficiency order despite ample time and notice that noncompliance would result in dismissal.  Therefore, the Court will dismiss the case without prejudice. *See May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir. 2001) (affirming dismissal of case for lack of prosecution where pro se litigant failed to comply with "readily comprehended" order).

For these reasons, the case is **DISMISSED WITHOUT PREJUDICE**. Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.  This case will not be reopened.

*This is a final Order that closes the case.*

**IT IS SO ORDERED.**

Dated:  February 27, 2026

s/Brandy R. McMillion  
HON. BRANDY R. MCMILLION  
United States District Judge